334 Mich. 380 (1952)
54 N.W.2d 691
In re STAHL'S ESTATE.
TUCKER
v.
DEPARTMENT OF REVENUE.
Docket No. 45, Calendar No. 45,274.
Supreme Court of Michigan.
Decided September 3, 1952.
*381 Irving J. Tucker, administrator in pro. per.
Arthur W. Eckman, John R. Peterson, Abe R. Peterson, William U. Bardwell, and Elroy C. Sandquist, Jr., for First Church of Christ, Scientist, in Boston, Massachusetts.
Frank G. Millard, Attorney General, Edmund E. Shepherd, Solicitor General, and T. Carl Holbrook and William D. Dexter, Assistants Attorney General, for defendant.
BOYLES, J.
This is an appeal by the State from a circuit court judgment denying the State's claim for inheritance tax in the estate of Gustave A. Stahl, deceased. The transfer on account of which the State claims an inheritance tax consists of proceeds from the sale of real estate located in Illinois.
Gustave A. Stahl, a resident of Allegan county in this State, died in 1947 and Irving J. Tucker, the appellee herein, was appointed administrator of his estate. The decedent had been and at the time of his death was a beneficiary in a trust set up in Illinois for certain Illinois real estate. Tucker, as administrator, petitioned the probate court for an order determining no inheritance tax was due, claiming that any transfer under said trust was not subject to the Michigan inheritance tax. The judge of probate held that the transfer of the decedent's beneficial interest in the Illinois real estate was subject to the Michigan inheritance tax. *382 Tucker, administrator, appealed to the circuit court from such order, and the circuit judge reversed the determination and held that there was no transfer subject to the tax. The Michigan department of revenue, by the attorney general, appeals from the order and judgment entered in the circuit court to that effect.
The essential facts are not in dispute. In 1922, one John G. Stahl entered into a trust agreement with the Chicago Title & Trust Company under which the trust company agreed to take title to certain real estate in Cook county, Illinois, and hold it for the use and benefit of John G. Stahl during his lifetime and, at his death, for the benefit of Frank A. Stahl. It provided that the interest of the beneficiary should consist solely of a power of direction to deal with the title to said property and the right to receive the proceeds from rentals or sales, that such right be deemed to be personal property, that in case of the death of any beneficiary his or her right and interest should pass to his or her executor or administrator, and not to his or her heirs-at-law; that no beneficiary should have any right, title or interest in said real estate as such, but only an interest in the proceeds, it being the intention to vest the full legal and equitable title to the premises in the trust company. The trust agreement further provided that while the trust company should be the sole owner of the real estate, it would deal with it only when authorized to do so in writing by the beneficiary, whereupon it might make deeds for, or otherwise deal with the title to, the real estate. The beneficiary was to have the management and control of the property, should handle the rents and the proceeds of any sales of said property, the trust company was not to be called upon to do anything in the management or control of said property except on the written direction of the beneficiary. *383 Reasonable compensation for the services of the trust company was provided for.
On October 25, 1930, Frank A. Stahl, after the death of John G. Stahl, designated Gustave A. Stahl as beneficiary, in accordance with the agreement.
On May 22, 1945, subsequent to the death of Frank A. Stahl, Gustave A. Stahl and the trust company executed an amendment to the trust agreement which in substance confirmed the agreement, that the trust company should hold title to the real estate for the use and benefit of Gustave A. Stahl; that, upon his death, all his rights and beneficial interest should pass to the board of directors of the Mother Church of Christ, Scientist, of Boston, Massachusetts. Gustave A. Stahl reserved the right to change said beneficiary; however, he never did so. The term of the agreement was extended, the compensation of the trust company was increased, and the other provisions of the original agreement were, without substantial change, confirmed.
The property subject to the trust agreement consisted solely of real estate within the State of Illinois. It was held and used exclusively within the State of Illinois. The locus and legal ownership of said real estate was at all times in Illinois. Any written direction by Gustave A. Stahl pursuant to the agreement with the trust company was effective only by delivery to the trust company in Illinois.
After the death of Gustave A. Stahl, the trustee sold the real estate and delivered the proceeds to the First [Mother] Church of Christ, Scientist, in Boston, Massachusetts. Under the foregoing circumstances, the circuit judge held that the State of Michigan was not entitled to levy an inheritance tax upon the interest of Gustave A. Stahl in said trust, essentially on the ground that it was a trust in Illinois real estate.
*384 The State department of revenue in answering appellee's petition in the probate court admitted that the property subject to the trust agreement
"consisted solely of real estate within the State of Illinois and that the property (referring to the real estate) was held and used exclusively within the State of Illinois; * * *
"That the legal ownership, presence and control of the property (referring to the real estate) were at all times within the State of Illinois exclusively; * * *
"That any written direction by Gustave A. Stahl pursuant to the trust agreement with the title company was of no effect whatsoever until delivered to the title company within the State of Illinois. * * *
"That PA 1899, No 188, § 1, third, as amended[*] (Michigan inheritance tax act), taxes only transfers `to persons or corporations not exempted by law in this State from taxation on real or personal property,' * * *
"But avers affirmatively that the State of Michigan has jurisdiction to levy a tax under PA 1899, No 188, as amended, on the transfer of Gustave A. Stahl's beneficial interest in the trust agreement."
We are in accord with the conclusion of the circuit judge that Gustave A. Stahl held an interest in Illinois lands, which interest is not taxable for an inheritance tax in this State. It was so held in Senior v. Braden, 295 US 422 (55 S Ct 800, 79 L ed 1520, 100 ALR 794). In that case the court held that a State was without power to subject to tax the beneficial interests represented by the certificates (intangible property) in rents or interests in land situate either within or beyond its borders, or, consistently with the due process clause of the Fourteenth Amendment, tax as intangible property of a *385 resident of the State land trust certificates representing interests in various parcels of land either within or outside the State, the holder of which is entitled to a share of the net income and, upon a sale of the property, of the proceeds of sale.
In the Stahl trust, the beneficiary Gustave A. Stahl possessed all the attributes of an owner of the fee except the power to sign instruments of conveyance. As to that, he had the power to direct a conveyance by the trustee. His interest in the land in the instant case was at least as much, if not more, an interest in land than the facts disclosed in Senior v. Braden, supra. He could revoke the trust, change the beneficiary, had the active management of the real estate, paid the real estate taxes, collected the rents. In short, the trustee carried out only the directions of the beneficiary. His interest in land in various respects was greater than the facts disclosed in Senior v. Braden, where the court held that the interest was in lands and not taxable. It is apparent in this case from the trust agreement that the parties intended that the beneficiary should actively manage the property and that his relationship to the property should carry all the qualities of ownership ordinarily enjoyed by an owner of real property except the right to sign the ordinary instruments of conveyance.
Appellant's main contention is that the nature of Gustave A. Stahl's interest must be determined according to the law of Illinois and, hence, is to be considered as personal property. The answer is that the Braden Case, supra, deciding the question under the Fourteenth Amendment to the United States Constitution, has held contrariwise, under circumstances similar to the case at bar, as follows (syllabi):
*386 "Where the validity of a State tax is challenged under the Federal Constitution, this court must determine for itself the nature and incidence of the tax. * * *
"The attempt of Ohio to subject the beneficial interests represented by the certificates to a tax imposed on `investments' and other intangible property, measured by a percentage of the income yield  investments being so defined by the statute as to include equitable interests in land and rents divided into shares evidenced by transferable certificates  is unconstitutional both in respect of such interests in land outside of the State and of those in land within the State."
Incidentally, the question of double taxation referred to in the Braden Case, supra, has not been raised as one of the issues in the case at bar. Whether imposition of the inheritance tax by the State would result in double taxation need not be considered, in view of our conclusion herein. Here we have the single question whether, under the circumstances of this case, the interest of Gustave A. Stahl in the trust was taxable as a beneficiary's interest in land, under the Fourteenth Amendment to the United States Constitution.
The judgment of the circuit court is affirmed and the case remanded to the circuit court for return to the probate court with directions to enter an order in accordance therewith. No costs, a question of public interest being involved.
DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.
The late Chief Justice NORTH took no part in this decision.
NOTES
[*] See CL 1948, § 205.201 (Stat Ann 1947 Cum Supp § 7.561).  REPORTER.